IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KINSEY ROBINSON, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND and JOHN PLESCIA, on behalf of NATIONAL ROOFERS UNION AND EMPLOYERS JOINT HEALTH AND WELFARE FUND;<br><br>Plaintiffs,<br><br>v.<br><br>ELEMENT CONSTRUCTION, INC. and JAVIER AREVALO;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 1:20-cv-00087-JNP-DAO<br><br>District Judge Jill N. Parrish |

Plaintiffs Kinsey Robinson, on behalf of the National Roofing Industry Pension Fund (the Pension Fund), and John Plescia, on behalf of the National Roofers Union and Employers Joint Health and Welfare Fund (the Health and Welfare Fund), sued defendants Element Construction, Inc. and Javier Arevalo for unpaid contributions to the Pension Fund and the Health and Welfare Fund. The defendants failed to answer the complaint, and the clerk of court entered default certificates against them. Before the court is a motion for a default judgment brought by the plaintiffs. ECF No. 15. The plaintiffs concede that they are unable to prove the amount of contributions owed because the defendants have not provided their employment records. Instead, they seek an award for attorney fees and costs. The court GRANTS IN PART and DENIES IN PART the motion for default judgment.

**LEGAL STANDARD**

"Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.' 'There must be a sufficient basis in the pleadings for the judgment entered.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citations omitted). "[E]ntry of a default judgment is within the discretion of the court." *Joe Hand Promotions, Inc. v. Stateline Bar & Grill LLC*, No. 18-CV-02789-REB-NYW, 2019 WL 5095742, at *2 (D. Colo. July 5, 2019) (citing Bixler, 596 F.3d at 762); *accord* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2685 (4th ed. 2022) ("[T]he district judge is required to exercise sound judicial discretion in determining whether [a default] judgment should be entered.").

**ANALYSIS**

The plaintiffs sued the defendants under the Employee Retirement Income Security Act of 1974 (ERISA) for allegedly failing to make contributions to the Pension Fund and the Health and Welfare Fund. The defendants failed to respond to the complaint. The plaintiffs request a default judgment from the defendants for the following amounts: (1) attorney fees in the amount of $12,115.50, (2) litigation costs in the amount of $628.20, and (3) auditing fees, totaling $1,228.[1] Thus, the plaintiffs seek a default judgment in the amount of $13,971.70.

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan . . . shall . . . make such contributions in accordance with the terms and

---

[1] Because the defendants ignored attempts to audit Element Construction's employment records, the plaintiffs were unable to prove the amount of any contributions that the defendants failed to remit to the Pension Fund or the Health and Welfare Fund. If the plaintiffs are able to uncover any evidence of such amounts at a future date, the court would be willing to entertain a motion to amend the judgment.

conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA defines the term "employer" broadly to include "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(2)(C)(5). The complaint alleges that defendant Arevalo was the president and manager of defendant Element Construction and that he was responsible for making contributions to the multiemployer plans at issue in this case. Thus, the plaintiffs alleged sufficient facts to prove that both Element Construction and Arevalo were "employers" within the meaning of § 1145. The complaint further alleges that Arevalo, in his capacity as president of Element Construction, failed to make required contributions to the Pension Fund and the Health and Welfare Fund. Accordingly, the court concludes that the plaintiffs have pled sufficient facts to prove that Element Construction and Arevalo breached their obligations under § 1145 to make contributions to the plans. *See Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 157 (10th Cir. 2022) ("[T]he entry of a default judgment means that the 'defendant admits to [the] complaint's well-pleaded facts and forfeits his or her ability to contest those facts.'" (Second alteration in original) (citation omitted)).

If the trustee of a multiemployer plan prevails on a lawsuit to enforce the § 1145 contribution requirement, the court must award "reasonable attorney's fees and costs" associated with the lawsuit. 29 U.S.C. § 1132(g)(2)(D) . Because the court, by statute, must award attorney fees and costs, the only question before the court is whether the amounts requested by the plaintiffs are reasonable.

I.      **ATTORNEY FEES**

The court first turns to the reasonableness of the plaintiffs' request for attorney fees. Under the commonly accepted reasonableness standard, courts must exclude fees for "hours that were

3

not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.*

In support of their request for attorney fees, the plaintiffs have provided billing records for the period of time from the filing of the complaint to December 31, 2021, totaling $10,015.50. These records show that the plaintiffs' attorneys billed $1,555.50 for a motion for sanctions and a motion to show cause that the plaintiffs never filed. The court finds that this portion of the requested attorney fees is not reasonable. Accordingly, the court discounts $1,555.50 from the requested attorney fee award.

The plaintiffs also request additional attorney fees. They attached to their motion for default judgment the affidavit of attorney Waldan Lloyd. He declared that the total amount that would be invoiced to the plaintiffs for legal work performed between January 1, 2022 and the January 21, 2022 filing date of the motion for default judgment would be $2,100. The affidavit provided no explanation of the attorney hours expended to justify this anticipated legal bill. Without any information as to what the expected legal bill would be for, the court can only surmise that the affidavit refers to attorney time expended on drafting the motion for a default judgment. This motion is approximately three pages in length. Large portions of this motion were copied from an earlier motion filed by the plaintiffs. (Compare ECF No. 13 with ECF No. 15). Moreover, the motion for a default judgment consists almost entirely of a recitation of facts without legal analysis. Reviewing the motion for a default judgment, the court finds that the plaintiffs have not proven that $2,100 is a reasonable fee for drafting the motion. Without any other information as to what the anticipated legal fees would be for, the court declines to award this amount.

In sum, the court finds that the plaintiffs have not shown that they are entitled to the full amount of attorney fees requested. The court awards $8,460 as a reasonable attorney fee for this action.

## II.  LITIGATION COSTS

The plaintiffs also request $628.20 in litigation costs for court filing fees, personal service costs, postage, and PACER fees. The court finds that the requested costs are reasonable and awards this amount in full.

## III.  AUDITING COSTS

Finally, the plaintiffs request $1,228 for financial auditing expenses. The plaintiffs hired a company to perform an audit of Element Construction's employment records. The auditing firm left four voicemail messages with Arevalo and sent him one letter requesting his cooperation in performing the audit. Arevalo did not respond to any of the auditing firm's attempts to contact him, and the firm did not provide any other services. For its efforts to contact Arevalo, the auditing firm billed the Pension Fund $614 and the Health and Welfare Fund $614, for a total of $1,228.

The court finds that this amount is not reasonable. The auditing firm did not utilize any specialized financial auditing knowledge or skills to review employment records. It only left some voicemails and sent a one-page letter. The court determines that $200 is a reasonable fee for the services provided and awards this amount.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the plaintiffs' motion for a default judgment. The court concludes that the plaintiffs are entitled to a default judgment, but finds that they are not entitled to the full amount of attorney fees and costs requested, The court awards:

5

1) attorney fees in the amount of $8,460,

2) litigation costs in the amount of $628.20, and

3) auditing costs in the amount of $200.

Thus, the court awards a total of $9,288.20 to the plaintiffs. The court will enter a separate default judgment for this amount.

DATED September 8, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge